FILED SCRANTON JUL 27 2001 PER ___ DEPUTY CLERK
COPY
(14)

Tauheed A. Lloyd # CV-4481
S.C.I. Greene
175 Progress Drive
Waynesburg, Pa 15370

In The United States District Court For The Middle District of Pennsylvania

| | |
|---|---|
| Tauheed A. Lloyd | : Civil Action |
| Plaintiff | : No. CV-00568 |
| v. | : (Magistrate Judge |
| Todd Setlock, & Kevin Ebner | : Blewitt) |
| In Their Official Capacity, et al | : |
| Defendants. | |

(Answer and Opposition to Defendants Motion to Dismiss)

This motion is an response to defendants Setlock & Ebner Attorney Frank L. Tamulonis, Jr. motion to dismiss plaintiff Tauheed A. Lloyd 1983 civil rights complaint on the grounds that plaintiff filed his complaint after the "statute of Limitation expire."

### 1. Argument

Attorney Frank L. Tamulonis, Jr. argument to dismiss plaintiff Tauheed A. Lloyd 1983 complaint is frivolous and have no merit due to the fact plaintiff filed his complaint within the two year statute of limitation period. Plaintiff Lloyd claims are supported by court documents

attach to this motion.

## 2. CONCLUSION

Accordingly, it is respectfully submitted that the defendants motion to dismiss, shouldn't be granted.

## VERIFICATION

I Tauheed A. Lloyd, verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief. I understand that any false statements made herein are subject to penalties of perjury, 18 Pa. C.S.A. 4904, relating to unsworn falsification to authorities.

This 24th day of July 2001

*Tauheed A. Lloyd*

Tauheed A. Lloyd # CV-4481
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370

In The United States District Court For The Middle District of Pennsylvania

| | |
|---|---|
| Tauheed A. Lloyd | : Civil Action |
| Plaintiff | : No. CV-00568 |
| V. | : (Magistrate Judge |
| Todd Setlock & Kevin Ebner | : Blewitt) |
| In Their Offical Capacity, et al | : |
| Defendants. | |

## "Certificate of Service"

I hereby certify that a true and correct copy of the attached motion of plaintiff to(answer and opposition has been served by first class/certify mail, postage prepaid on this 24th day of July, 2001, to the following parties.

Frank L. Tamulonis, Jr.
Attorney For The Defendants
P.O. Box 238
Pottsville, PA 17901
(570) 622-1988

Tauheed A. Lloyd
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370
By: Tauheed A. Lloyd

"3 copies"

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
### U.S. COURTHOUSE
### INDEPENDENCE MALL WEST
### 601 MARKET STREET
### PHILADELPHIA, PA 19106-1797

MICHAEL E. KUNZ  
CLERK OF COURT

CLERK'S OFFICE  
ROOM 2609

September 23, 1999

TAUHEED A. LLOYD  
CV4481  
1040 E. ROY FURMAN HWY.  
WAYNESBURG, PA 15370-8090

Dear Petitioner:

This will acknowledge receipt of the following documents:

__✓__ 42 U.S.C. §1983 Civil Rights Complaint

_____ 28 U.S.C. §2254 Habeas Corpus Petition

_____ 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence

_____ 28 U.S.C. §2241 Habeas Corpus Petition

_____ Writ of Mandamus

_____ Copy of Receipt for payment of filing fee.

_____ Other_____

The case number assigned :99-CV-4738  
and the caption is as follows: **LLOYD V. SETLOCK, ET AL.**

You will be advised of any further action and/or disposition.

Very truly yours,  
Michael E. Kunz,  
Clerk

Enclosure

"3 copies"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LLOYD A. TAUHEED             :   CIVIL ACTION
                             :
         v.                  :
                             :
TODD SETLOCK, INDIVIDUALLY AND :   FILED
IN HIS OFFICIAL CAPACITY, et al :   NO. 99-4738

M E M O R A N D U M

POLLAK, J.                         November ~~OCTOBER~~    , 1999

    Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against two correctional officers at the Schuylkill County prison. He is alleging that he was physically assaulted by the defendants.

    For the reasons outlined below, the court will grant plaintiff leave to proceed in forma pauperis, and transfer this civil action to the United States District Court for the Middle District of Pennsylvania.

    Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides that this action may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

ENTERED
DEC - 1 1999

    The alleged constitutional violation occurred in Schuylkill County, Pennsylvania, which is located in the Middle District of Pennsylvania. Since the claim did not arise in the

Eastern District of Pennsylvania, and the defendants do not appear to be located in the Eastern District of Pennsylvania, venue is improper in this court.

When venue is improper, as in this case, the court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Under the facts set forth in the complaint, the case could have been brought in the Middle District of Pennsylvania.

Pursuant to 28 U.S.C. § 1406(a), the court will transfer the case to the United States District Court for the Middle District of Pennsylvania.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LLOYD A. TAUHEED | : | CIVIL ACTION |
| v. | : | |
| TODD SETLOCK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, et al | : | NO. 99-4738 |

ORDER

This 24 day of ~~October~~ November, 1999, in accordance with the Memorandum filed this date, it is ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED; and

2. The Clerk is directed to TRANSFER this action to the United States District Court for the Middle District of Pennsylvania, along with a certified copy of the docket and all papers and the file in this matter. This transfer is without prejudice to the authority of the transferee court, the United States District Court for the Middle District of Pennsylvania, to determine whether the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

BY THE COURT:

_____
LOUIS H. POLLAK, J.